IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>Baltzer, Brock<br><br>Debtor(s)<br>Soc.Sec.No(s).: xxx-xx-0160 | } CASE NO: 10-40764-JJR<br>}<br>} CHAPTER: 13<br>}<br>} |

## MOTION FOR RELIEF FROM AUTOMATIC STAY and
## CO-DEBTOR STAY FILED BY U.S. BANK, N. A.

Comes now U.S. BANK, N. A., its principal, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to lift the automatic stay in the above-referenced Debtor(s)' Chapter 13 bankruptcy case, and to also lift the co-debtor stay, in effect for, Lorri Baltzer, and in support thereof, Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2. The Creditor holds a mortgage lien on the property commonly referred to as 2109 Constellation Drive Alpine, AL 35014, and legally described in the Mortgage and Note.

3. The Debtor(s) and the Co-Debtor(s), Lorri Baltzer, are all obligated unto the Creditor in accordance with the mortgage or mortgage loan. The Co-Debtor(s) is/are not (a) Debtor(s) in this Chapter 13 case.

4. The monthly mortgage payment is being paid through the Chapter 13 Trustee.

5. The Debtor is delinquent in plan payments in the amount of $4,066.00.

6. The Creditor has not received post-petition regular monthly routine maintenance mortgage payment(s). The mortgage and loan held by the Creditor is in post-petition default under the terms and conditions stated upon the face of the mortgage and loan documents. The Debtor(s) and/or the Co-Debtor(s) is/are in post-petition default.

7. The Debtor(s) has/have not made a good faith effort to provide for and make the regular monthly routine maintenance mortgage payments to the Chapter 13 Trustee as they become due in a manner to ensure that the Creditor receives the regular monthly routine maintenance mortgage payments consistent with the terms of the mortgage and mortgage loan documents and the Chapter 13 plan.

8. The Debtor(s) has/have willfully violated the terms and provisions of his/her/their Chapter 13 plan, and if applicable the order confirming said plan.

9. The Debtor(s)' actions have caused unreasonable delay that is prejudicial to the Creditor. Further, the Creditor is not adequately protected.

10. The Creditor desires to protect its interests and proceed with taking possession of the property.

## MOTION FOR RELIEF FROM CO-DEBTOR STAY

11. Lorri Baltzer is a co-signer on the mortgage note between the parties.

12. The Debtor(s)' actions and plan provisions have failed to provide the Creditor adequate protection of its rights and interests under its mortgage, mortgage loan and security agreement.

13. The Creditor desires to pursue the Co-Debtor, Lorri Baltzer, for this debt.

## WAIVER OF FED. R. BANKR. P. 4001(a)(3)

14. This is a Chapter 13 bankruptcy case. The Debtor(s) either know, should know, or have been informed by Debtor(s)' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor

requests this court waive the fourteen day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

## FUTURE DEFAULT

15. Should this Honorable Court deny the Creditor's Motion for Relief from Automatic Stay, the Creditor would request that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor in the event that the Debtor should default on any future payments.

## ATTORNEYS FEE

16. The Creditor has had to incur additional expense in order to collect this post-petition debt in the form of attorneys fees and costs and requests this Court to award the Creditor reasonable attorneys fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will lift, modify, or terminate the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in force and effect in order that the Creditor may obtain possession of its collateral and may foreclose or liquidate its collateral under state law; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; waive the effect of Fed. R. Bankr. P. 4001(a)(3); or IN THE ALTERNATIVE, order an appropriate cure of the post-petition arrearage and default; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; and grant said Creditor future relief, modification, termination, or lifting of the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in force and effect in, should the Debtor(s) default on any future payments to be made unto said Creditor, in order that the Creditor may obtain possession of its collateral, may foreclose, or liquidate its collateral under state law, or seek to negotiate a loss mitigation forbearance or other agreement with the debtor in an attempt to avoid foreclosure or other action.

Respectfully submitted,

*Enslen Crowe*
Enslen Crowe (CRO 098)
Attorney for Creditor

OF COUNSEL:
SIROTE & PERMUTT, P.C.
P. O. Box 55887
Birmingham, Alabama 35255-5887
(205) 918-5013/ fax 205-930-5101
ecrowe@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid or served via electronic case management to:

| | | |
|---|---|---|
| Shavon L. Burton | Brock Baltzer | Linda B. Gore |
| 400 South Court Square | 2109 Constellation Drive | P.O. Box 1338 |
| P.O Drawer 756 | Alpine, AL 35014 | Gadsden, AL 35902 |
| Talladega, AL 35161 | | |

Lorri Baltzer
2109 Constellation Drive
Alpine, AL 35014

On this the 26th day of July, 2010.

*Enslen Crowe*
OF COUNSEL

# AFFIDAVIT REQUIREMENTS
## SIROTE & PERMUTT, P.C.

Please be advised that the Affiant and the Notary MUST sign and date at the same time. If the Affidavit is not completely filled out or the dates do not match up, the Affidavit will be disallowed by local Court rule and cannot be filed into Court by our office. Additionally, the Notary's County of Appointment MUST be the same as the County in which the Affidavit is signed. Unless, the Notary's appointment is statewide and so indicated by the Notary's Seal.

The Affidavit will be returned for correction if the items are not completed per the local Court rule stated above.

Thank You,

Sirote & Permutt, P.C.